**Thomas REED, Plaintiff–Appellant,**

v.

**CITY OF CHINO; City of Chino Police Department; Rob Mackay, Defendants–Appellees.**

No. 05–55104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed March 8, 2007.

Peter B. Schlueter, Esq., Attorney at Law, San Bernardino, CA, for Plaintiff–Appellant.

Peter J. Ferguson, Esq., Ferguson, Praet & Sherman, Santa Ana, CA, Arturo N. Fierro, Chino, CA, for Defendants–Appellees.

BEFORE: CANBY and THOMAS,

Circuit Judges, and CONLON,* District Judge.

### MEMORANDUM **

Thomas Reed appeals the district court's summary judgment in favor of Detective Rob MacKay and the City of Chino in Reed's action for false arrest under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We review de novo the district court's summary judgment that MacKay had probable cause to arrest Reed. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). MacKay properly relied on Fire Marshal Hall's conclusion that the fire at the Insulfoam plant was the result of an arson. *See United States v. Del Vizo*, 918 F.2d 821, 825 (9th Cir.1990) (information relied on by police officers making probable cause determinations must be "reasonably trustworthy"). MacKay also relied on (1) an eyewitness account placing Reed's truck at the plant on the day of the fire; (2) evidence that Reed had the requisite skill to commit the arson at the Insulfoam plant; (3) evidence that Reed had a motive to commit arson because he had been terminated by Insulfoam the day before the fire; and (4) evidence that Reed had been deceptive when asked, during a polygraph examination, about his involvement in the fire. Even when we disregard the statement of witness Avery Dunn, we conclude that the evidence supports at least a "fair probability" that Reed committed arson.

*See United States v. Carranza*, 289 F.3d 634, 640 (9th Cir.2002) (probable cause exists if "a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime" (quotations and citation omitted)).[1]

**AFFIRMED.**

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Our conclusion that there was probable cause to arrest Reed makes it unnecessary for us to address the questions of Officer McKay's individual qualified immunity, and the potential derivative liability of the City of Chino.

